IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MONICA JEFFRIES,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-20-365 |
| | * | |
| **BERK FAMILY TRUST** *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Monica Jeffries brought this civil action as a *pro se* litigant against Defendants Berk Family Trust, Zurich Insurance Company ("Zurich"), Farmers Insurance Company ("Farmers"), and Assurance Insurance Company ("Assurance") alleging that Defendants' negligence caused her to slip and fall on the stairs outside her home and sustain serious injuries. Pending before the Court are a number of motions, including Plaintiff's Motions for Summary Judgment, ECF Nos. 10, 15 and 16,[1] Defendants Zurich, Farmers, and Assurance's Motion to Dismiss, ECF No. 17, Defendant Berk Family Trust's Motion to Dismiss, ECF No. 21, and Plaintiff's Motion to Strike All Affirmative Defenses, ECF No. 27.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant Berk Family Trust's Motion to Dismiss, ECF No. 21, is granted, and Defendants Zurich, Farmers, and Assurance's Motion to

---

[1] Plaintiff filed two other documents entitled "Motion for Summary Judgment," including ECF Nos. 10 & 15.

[2] Also pending before the Court is Plaintiff's Motion for Extension of Time to Serve the Defendants, ECF No. 9, and Defendants' Motion to Continue Time to Respond Plaintiff's Complaint, ECF No. 14, which the Court now grants.

1

Dismiss, ECF No. 17, is likewise granted. Plaintiff's Motions for Summary Judgment, ECF Nos. 10, 15, 16, and her Motion to Strike All Affirmative Defenses, ECF No. 27, are denied as moot.

## I. BACKGROUND[3]

### A. Factual Background

Although Plaintiff's Amended Complaint, ECF No. 11, includes extraneous introductory material, it appears to allege at least the following.

Plaintiff, a citizen of Maryland and resident of Prince George's County, Maryland at all times relevant, alleges that "on or about three years ago," she slipped and fell down the steps leading to her apartment unit, which caused "great trauma" to her person. ECF No. 11 ¶ 3. Although Plaintiff alleges generally that this incident occurred on or about three years ago, the documents submitted with Plaintiff's Amended Complaint, including medical documentation from Southern Maryland Hospital Center, are dated May 30, 2012, which indicates that the incident that forms the basis for this suit occurred on or about that date, not "on or about three years" prior to the filing of the Complaint as Plaintiff now alleges. *See* ECF No. 11-2 at 3–8[4] (various medical records detailing injuries and proscribed medication dated May 30, 2012).

Plaintiff further alleges that prior to this fall, she had previously reported to maintenance at her apartment that "something was not quite right with the steps." ECF No. 11 ¶ 4. As a result of her fall, Plaintiff alleges that she sustained serious injuries including "[c]oncrete burns to her left hand and forehead, [d]islodging of the newly reconstructed breast tissue, [b]roken [p]ort a-[c]ath, shattered her top dental implant," cuts and abrasions to the left side of her head, face, feet,

---

[3] Unless otherwise stated, the background facts are taken from Plaintiffs' Amended Complaint, ECF No. 11, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

legs, in addition to damage to her personal property including her pocketbook, cell phone, watch, and the suit she wore. *Id.* ¶ 5. She also contends that she suffered from "post-traumatic pain in left hand, shoulder, and foot, severe headaches, and other serious and severe personal injuries," *id.* ¶ 5, and that she has incurred damages including medical expenses and lost wages, *id.* ¶ 6. Finally, Plaintiff contends that she "may and probably will for an indefinite time in the future" suffer from great pain, inconvenience, and embarrassment from her fall, "be deprived of the ordinary pleasures of life, loss of well-being, and equanimity," and that her overall health has continued to be compromised as a result of the slip and fall. *Id.*

After Plaintiff recovered from the fall, she "discovered that there were two rubber treads detached from the steps," which she alleges caused her to slip, fall, and endure the aforementioned injuries. *Id.* ¶ 3. Plaintiff contends that the injuries she sustained were "a result of the failure of the Defendants to properly maintain all common areas of the unit," including the steps leading to Plaintiff's unit, even after Plaintiff and other tenants of the unit notified the property of the issues with the stairs. *Id.* ¶ 5.

### B. Procedural Background

Although the instant complaint was entered on the docket on February 11, 2020, ECF No. 1, Plaintiff's attempt to litigate this matter predates that filing.[5] Most closely related to the

---

[5] As Judge Messitte noted in 2013, "Jeffries is a familiar litigant to this Court." *Jeffries v. Gaylord Ent.*, 10-cv-069-PJM, 2013 WL 1316382, at *1 n.1 (D. Md. Mar. 27, 2013), *aff'd*, 538 F. App'x 313 (4th Cir. 2013) (citing several of Plaintiff's previous cases before this Court).

Between July 2012 and February 2020, Plaintiff filed several lawsuits and related motions stemming from her allegation that she slipped and fell outside of her apartment. On July 2, 2012, Plaintiff first attempted to file suit based on this slip and fall against Grady Management in *Jeffries v. Grady Management*, 12-cv-01942-DKC, ECF No. 1. On July 19, 2012, Judge Chasanow entered an order dismissing Plaintiff's complaint, without prejudice, for lack of subject matter jurisdiction. 12-cv-01942-DKC, ECF No. 5 (D. Md).

The Court takes judicial notice of the dockets of the state proceedings cited in this Memorandum Opinion, *see Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n. 8 (D. Md. 2003), and acknowledges that Plaintiff again filed suit on September 19, 2012, based on the same allegations, in the Circuit Court for Prince George's County against Grady Management and Portabello One Joint Venture LLC in case No. CAE-12-29108. *See also* ECF No. 17 ¶ 6. On April

3

current action, Plaintiff filed suit against these Defendants on August 30, 2017 in *Jeffries v. Zurich Insurance Company, et al.*, 17-cv-02517-GJH, ECF No. 1 (D. Md.). After several years of extensions of time to file and to amend her complaint, and a dismissal without prejudice after the passing of Plaintiff's sister, *see* ECF No. 20, the Court granted Plaintiff's Motion to Reopen Case in a Memorandum Opinion and Order issued on February 11, 2020. *See* ECF No. 30 at 3–4. The Court ordered the Clerk to open a new case in which the first docket entry would be the amended complaint from Plaintiff's Motion to Reopen Complaint, ECF No. 22-4. *See* ECF No. 30 at 4. Thus, the instant case was opened with Plaintiff's Complaint entered on February 11, 2020.

On May 11, 2021, Plaintiff's Amended Complaint was entered on the docket, ECF No. 11, and on the same day, she filed the now pending Motion for Summary Judgment, ECF No. 10. On July 12, 2021, Plaintiff filed a second Motion for Summary Judgment and Proof of Service to all Defendants, ECF No. 15, and on the following day, July 13, 2021, she filed a third Motion for Summary Judgment, ECF No. 16. On July 28, 2021, Defendants Assurance, Farmers, and Zurich filed the pending Motion to Dismiss, ECF No. 17, and on August 17, 2021, Defendant Berk Family Trust filed the also pending Motion to Dismiss, ECF No. 21. Finally, on December 9, 2021, Plaintiff filed a Motion to Strike All Affirmative Defenses, ECF No. 27.

---

10, 2014, a bench trial was held in which the trial court judge ruled against Plaintiff. *See* ECF No. 17-4 (bench trial transcript). On May 2, 2014, the case was dismissed. *See* Docket, CAE-12-29108 (Md. Cir. Ct. PG Cnty.).

On May 27, 2014, Plaintiff filed another lawsuit, again based on the alleged slip and fall, in the Circuit Court of Prince George's County against Grady Management in case No. CAL-14-11900. *See* ECF No. 17 ¶ 9. On August 6, 20124, Plaintiff was denied relief and the case was closed. *See* Docket, CAE-12-29108 (Md. Cir. Ct. PG Cnty.).

On March 31, 2015, Plaintiff again filed suit in this Court against Defendants in *Jeffries v. Zurich Insurance Company et al.*, 8:15-cv-00924-GJH, ECF No. 1. On December 14, 2015, this Court dismissed Plaintiff's suit, without prejudice, for failure cure deficiencies with her service of Defendants. ECF No. 10.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). "When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. Appx. 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir.2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989).

The Court is mindful that Plaintiff is a self-represented litigant. Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings

5

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir. 2013). [6]

### III. DISCUSSION

In their separate motions, Defendants advance different theories for dismissal: Defendant Berk Family Trust argues that Plaintiff's claim is time-barred by Maryland's statute of limitations for negligence claims, *see* ECF No. 21 ¶ 13, while Defendants Zurich, Farmers, and Assurance argue that Plaintiff, under Maryland law, is prohibited from bringing a direct action against her liability insurer because no judgment has been obtained against Defendants and because no privity of contract exists between Plaintiff and Defendants to support a breach of contract claim. ECF No. 17 ¶¶ 21–22, 23–26. As discussed herein, the statute of limitations requires dismissal of the case.

As a federal court exercising diversity jurisdiction, this Court must apply the law of the forum state. In Maryland, negligence claims "are subject to the statute of limitations articulated in Section 5–101 of the Courts and Judicial Proceedings Article of the Maryland Code which requires that a claim must be filed within three years from the date the action accrues." *Lynch v. AHC Mgmt., LLC*, No. 20-cv-2111-GJH, 2020 WL 7351840, at *3 (D. Md. Dec. 14, 2020) (quoting *Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013)). Moreover, in Maryland, a cause

---

[6] Because the Court will grant the Motions to Dismiss, the remaining motions need not be addressed.

of action accrues "when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981).

In the instant case, Plaintiff's fall occurred on or about May 30, 2012, as evidenced by the supporting documentation Plaintiff submitted with her Amended Complaint, *see* ECF No. 11-2 at 3–8, not "on or about three years ago," as Plaintiff now alleges in her Amended Complaint, ECF No. 11 ¶ 3. Thus, Plaintiff's negligence claim against Defendants accrued on that date as Plaintiff knew or should have known of the wrong, her fall, on that date, and any civil action should have been brought within three years of May 30, 2012, or by May 30, 2015. The instant case was not initiated until February 11, 2020, *see* ECF No. 1, or almost five years past the statute of limitations. Even if the Court were to use the date of filing of Plaintiff's complaint in her previous case before this Court, *Jeffries v. Zurich Insurance Company et al.*, 17-cv-02517-GJH, August 30, 2017, Plaintiff's claim would still be barred as this date is over two years past the three-year statute of limitations.

While raising other concerns, Plaintiff's Opposition ignores Defendant's statute of limitations argument and fails to address the issue. *See generally* ECF Nos. 20 & 23. In failing to respond, she has conceded that her negligence claim is time barred. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *see also Kissi v. Panzer*, 664 F. Supp. 2d 120, 123 (D.D.C. 2009) ("Because the plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion as conceded."). Although Plaintiff's claim must be liberally construed, such construction cannot save her time barred negligence claim. Accordingly, Plaintiff's negligence claim against Defendant Berk Family Trust must be dismissed with prejudice.

Plaintiff's negligence claim against Defendants Zurich, Farmers, and Assurance must, likewise, be dismissed with prejudice because Plaintiff's Amended Complaint, ECF No. 11, alleges only one count of negligence against Defendants stemming from the same time-barred allegation, ECF No. 11 ¶¶ 7–8.[7]

## IV.   CONCLUSION

For the foregoing reasons, Defendant Berk Family Trust's Motion to Dismiss, ECF No. 21, is granted with prejudice, and Defendants Zurich, Farmers, and Assurance's Motion to Dismiss, ECF No. 17, is likewise granted with prejudice. Plaintiff's Motions for Summary Judgment, ECF Nos. 10, 15, 16, and her Motion to Strike All Affirmative Defenses, ECF No. 27, are denied as moot. A separate Order shall issue.

Date: January 25, 2022

                                                                      /s/
                                                                     GEORGE J. HAZEL
                                                                     United States District Judge

---

[7] The Court will disregard the arguments in Plaintiff's filing and Defendants Zurich, Farmers, and Assurance's Motion to Dismiss, ECF No. 17, as they address a breach of contract claim, *id.* ¶¶ 20–26, which Plaintiff did not allege in her Amended Complaint.